**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7726

WILLIAM SINGLETARY,

Plaintiff - Appellant,

v.

EDGEFIELD POLICE DEPARTMENT; EDGEFIELD COUNTY SHERIFF'S
DEPARTMENT; KEN DURHAM, Major; TOWN OF EDGEFIELD; RONALD
CARTER, Chief of Police; ADELL DOLBEY, Sheriff of Edgefield
County; EDGEFIELD DETENTION CENTER; SOUTH CAROLINA LAW
ENFORCEMENT DIVISION, SLED; REGINALD I. LLOYD, Director;
PAUL GRANT, Major, SLED; CHRIS WASH, Captain,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Terry L. Wooten, District Judge.
(9:09-cv-01079-TLW)

Submitted:  May 26, 2011                 Decided:  May 31, 2011

Before KING, SHEDD, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William Singletary, Appellant Pro Se.   Daniel C. Plyler,
DAVIDSON & LINDEMANN, PA, Columbia, South Carolina; Russell W.
Harter, Jr., CHAPMAN, HARTER & GROVES, PA, Greenville, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Singletary seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2006) action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 1, 2010. The notice of appeal was filed on December 10, 2010.[*] Because Singletary failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. Further, we deny Singletary's request to proceed in forma pauperis, as well as all pending motions, including his motion to be relocated; motion for stay and to remand to county court; motion for a contempt citation;

---

[*] For the purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

motion for expedited review; motion to appoint counsel; and motion for an ex-parte hearing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED